## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                        **Case Nos.:  4:02cr49/RH/CAS**
                                               **4:15cv407/RH/CAS**

**JOHNNY WINBUSH, JR.,**

       **Defendant.**

_____/

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion under 28 U.S.C. § 2255
to Vacate, Set Aside, or Correct Sentence and memorandum in support.  (Doc. 44, 45).
Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States
District Courts provides in part that "[i]f it plainly appears from the motion, any attached
exhibits, and the record of prior proceedings that the moving party is not entitled to
relief, the judge must dismiss the motion and direct the clerk to notify the moving party."
After a review of the record, it is the opinion of the undersigned that Defendant's motion
should be summarily dismissed.

### BACKGROUND and ANALYSIS

Defendant pleaded guilty to three counts of a six count indictment charging him
with controlled substance and firearms violations, and on April 30, 2003, he was
sentenced to a total term of 300 months imprisonment.  (Docs.  15, 16, 28).

Defendant filed a § 2255 motion in 2004, which was denied as untimely on
September 20, 2005.  (Docs. 29, 37, 40, 41).  In denying Defendant's motion, the court
engaged in a thorough analysis of the issue of equitable tolling.  (*See* doc. 37).   This
constituted a merits review of Defendant's motion.  *See* Boykin v. United States, 592 F.

App'x 809, 812 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1864 (2015), *reh'g denied*, 135 S. Ct. 2882 (2015).  Defendant has now filed a second motion to vacate in which he claims that he is entitled to relief pursuant to the Supreme Court's recent decision in Johnson v. United States, 135 S.Ct. 2551 (2015).

Title 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), provides that a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen year sentence.  18 U.S.C. § 924(e)(1).  "Serious drug offenses" may arise under state or federal law, and the definition of a serious drug offense encompasses State law offenses involving distributing or possessing with intent to distribute a controlled substance for which a maximum term of imprisonment of ten years or more is prescribed by law.  18 U.S.C. § 924(e)(2)(A)(ii).  The statutory definition of a violent felony under ACCA is an offense that either "(i) has as en element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves the use of explosives *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."  18 U.S.C. § 924(2)(B)(i) and (ii).  The Supreme Court recently ruled that the italicized language, known as the "residual clause," violates the Constitution's guarantee of Due Process due to vagueness.  Johnson v. United States, 135 S.Ct. 2551, 2563 (June 26, 2015).  Defendant contends that his sentence is "illegal" after Johnson and that he is entitled to re-sentencing.

This court does not have jurisdiction to consider the merits of Defendant's motion.  Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 F. App'x 409 (11th Cir. 2010). Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion.  This authorization is required even when, as here, a defendant asserts

that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h)(2).  Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed.[1]

Even if the motion is not successive, given the current state of the law, it is untimely. Defendant claims that his motion is timely filed pursuant to 28 U.S.C. § 2255(f)(3) which provides that a § 2255 motion must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[2]  The Supreme Court has not declared its decision in Johnson to be retroactively applicable on collateral review, nor has any court within this circuit.  See In re Rivero, Case No. 15-13089-C, 2015 WL 4747749 (11th Cir. Aug. 12, 2015) (denying application for leave to file a second or successive § 2255 motion based on Johnson); Haugabook v. United States, Case Nos. 8:15-cv-1756-T-24TBM, 8:08-cr-254-T-24TBM (M.D. Fla. Jul. 30, 2015) (denying § 2255 motion based on Johnson as successive, untimely and without merit); but see Price v. United States, Case No. 15-2427, 2015 WL 4621024 (7th Cir. 2015) (authorizing district court to entertain a second or successive § 2255 motion based on Johnson).   Therefore, the Johnson decision does not enable Defendant to circumvent the one year statute of limitations through the application of 2255(f)(3).

Even if Johnson were retroactive, it affords Defendant no relief.  The undersigned has obtained and reviewed a copy of Defendant's Presentence Investigation Report. The PSR reflects that at the time of sentencing, Defendant had three prior convictions

---

[1]  The court notes that the Eleventh Circuit recently denied a request pursuant to § 2255(h) for leave to file a second or successive motion to vacate based on Johnson. See In re Rivero, No. 15-13089-C, 2015 WL 4747749 (11th Cir. Aug. 12, 2015).

[2]  Unlike § 2255(h), this section does not require that the Supreme Court itself hold that the new rule is retroactively applicable on collateral review.  See Bryant v. Warden, 738 F.3d 1253, 1277 (11th Cir. 2013).

for resisting arrest with violence and one prior conviction for aggravated battery with a deadly weapon.  (PSR ¶¶ 42, 46, 47, 48).  Each of these offenses has an element of force and qualifies as a violent felony under

§ 924(c)(2)(B)(I); neither offense is encompassed within the residual clause that was invalidated by <u>Johnson</u>.  Therefore, even if <u>Johnson</u> is ultimately determined to be retroactive, Defendant would not be entitled to relief.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk is directed to docket Defendant's PSR, **<u>under seal</u>**.

And based on the foregoing it is respectfully **RECOMMENDED**:

1.      Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 44), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit, or alternatively that it be summarily denied and dismissed as it is untimely and without merit.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20th day of August, 2015.



/s/Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.