IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 4:02cr49-RH/CAS
 4:15cv407-RH/CAS

JOHNNY WINBUSH, JR.,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Johnny Winbush, Jr. has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 46, and the objections, ECF No. 48. I have reviewed de novo the issues raised by the objections. This order accepts the report and recommendation and denies the § 2255 motion, with this additional note.

The report and recommendation correctly concludes that this is Mr. Winbush's second § 2255 motion and that the motion therefore cannot go forward in this court without authorization from the court of appeals. The requirement for advance authorization from the court of appeals applies even when a retroactive Supreme Court decision would afford a defendant relief on the merits. In that

circumstance, a court of appeals, not a district court, may enter an order allowing the § 2255 motion to go forward. *See* 28 U.S.C. § 2255(h) (allowing a second or successive § 2255 motion only when "certified as provided in section 2244 *by a panel of the appropriate court of appeals* to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" (emphasis added)); *id.* § 2244(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move *in the appropriate court of appeals* for an order authorizing the district court to consider the application. (emphasis added)). These provisions require denial of Mr. Winbush's § 2255 motion and make it unnecessary to decide whether, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Winbush would still properly be treated as an Armed Career Criminal under 18 U.S.C. § 924(e).

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v.*

*Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED."

2. The defendant's application for a certificate of appealability is DENIED.

3. Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on October 5, 2015.

            s/Robert L. Hinkle
            United States District Judge